UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STRATFORD INSURANCE CO., <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )   CAUSE NO.: 2:20-CV-372-PPS-JEM <br> ) |
| SHOREWOOD FOREST UTILITIES, <br> INC., *et al.*, <br>     Defendants, | ) <br> ) <br> ) <br> ) |
| CARLOTTA HOLMES and <br> GREG SCHAFER, <br>     Counterclaim Plaintiffs, | ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) |
| STRATFORD INSURANCE CO., <br>     Counterclaim Defendant. | ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Quash Deposition [DE 94], filed by non-party David C. Jensen on November 15, 2022, Defendant/Counterclaim Plaintiffs' Third Motion to compel Discovery from Stratford Insurance Company and Richard Pretti [DE 107], filed by Greg Schafer and Carlotta Holmes on December 6, 2022, a Motion to Quash Subpoena to Non-Party Attorney Larry G. Evans, for a Protective Order, and for Attorney's Fees [DE 120], filed December 28, 2022, and Defendant/Counterclaim Plaintiffs' Motion to Strike Larry Evans' Affidavit in Support of Motion to Quash Subpoena [DE 121] filed by Schafer and Holmes on January 10, 2023.

1

**I.      Background**

Stratford Insurance Company issued an insurance policy to Shorewood Forest Utilities (SFU). The board of SFU ("Former Board") investigated the possibility of expanding its subdivision to add homes with Rex Properties. SFU and Rex Properties formed an agreement to expand the sewer system to support the new development. Community members who were opposed to the development, including named plaintiffs Greg Schafer and Carlotta Holmes ("S&H"), filed a class action suit in state court. After the suit was filed, a number of those class action members, including Schafer and Holmes, were elected to the SFU board in an election (the "New Board"). The New Board voted to rescind the sewer agreement. Eventually, a consent judgment was entered between the class action plaintiffs and SFU, one of the defendants in the case, but not with the Former Board defendants. The consent judgment included a covenant promising that the class action plaintiffs would only seek enforcement of payment of the judgment against Stratford as SFU's insurer and not against any other parties. The class action is still proceeding against the Former Board in state court. A number of other lawsuits were also filed in state court, some of which were removed to federal court.

In the instant Complaint, filed October 15, 2020, Stratford claims it did not agree to the consent judgment in the state court class action suit filed by S&H on behalf of SFU and seeks a declaration that it has no obligation regarding the consent judgment. After a motion to dismiss was granted in part on September 27, 2021, the declaratory judgment claims regarding the extent of Stratford's insurance obligations remain, as do counterclaims against Stratford for bad faith, breach of contract, and abuse of process, arising out of the consent judgment and other state court suits.

On September 2, 2022, the Court denied S&H's previous motion to compel, finding that it

2

was premature and warning the parties of the need to work together to resolve their discovery disputes without involving the Court. Non-party Attorney Jensen filed the instant motion to quash deposition on November 16, 2022, requesting that the Court quash a notice of deposition served on him by S&H. S&H filed a response (titled "objection") on November 30, 2022, and on December 7, 2022, Jensen filed a reply.

The instant motion to compel was filed by S&H on December 6, 2022, seeking to obtain discovery from non-party Attorney Richard Pretti. Pretti filed a response on December 20, 2022, and no reply was filed by S&H.

Attorney Evans filed his motion to quash on December 28, 2022, requesting that the Court quash a subpoena served on him by S&H. On January 10, 2023, S&H filed a response to the motion (again titled "objection") and the instant motion to strike, requesting that Evans's affidavit included in support of the motion to quash be stricken. Also on January 10, 2023, SFU filed a response to the motion to quash. Attorney Evans filed a response to the motion to strike and a reply in support of his motion to quash on January 17, 2023. On February 3, 2023, Stratford filed a document including objections to arguments made by S&H and SFU in the briefing on the motion to quash. S&H did not file a reply in support of its motion to strike, and the time to do so has passed.

**II.     Standard of Review**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

3

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative . . . or . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

"The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002). However, the Court "must quash or modify a subpoena that . . . requires a disclosure of privileged or other protected matter, if no exception or waiver applies; or [] subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Federal Rule of Civil Procedure 26(c) allows the Court, for good cause, to issue an order to protect a party from discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(D). Rule 26(c) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense." *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) (quotations omitted). "The party moving for a protective order must establish that good cause exists for the Court to exercise its discretion in entering a protective order." *Nieves v. OPA, Inc.*, 948 F. Supp. 2d 887, 891 (N.D. Ill. 2013).

**III.**     **Analysis**

    **A.**     <u>Motion to Strike</u>

S&H move to strike the affidavit Evans filed in support of his motion to quash as well as every reference to "settlement" in his motion. Evans filed a response, but S&H did not file a reply in support of its motion to strike. Motions to strike are generally disfavored because they unnecessarily consume scarce judicial resources, *Custom Vehicles, Inc. v. Forest River, Inc.*, 464

4

F.3d 725, 727 (7th Cir. 2006), and "disserve the interest of judicial economy." *Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007). Much of the motion to strike includes complaints that Evans's affidavit is inadmissible hearsay, but the affidavit not being offered as proof at trial. S&H also move to strike the individual word "settlement" each time it appears in Evans's motion. The Court is mindful of its responsibility to carefully review evidence and will disregard unsupported arguments and conclusions but will not strike the affidavit or specific individual words within a document.

  **B.** <u>Motions to Quash</u>

S&H issued a notice of deposition to Attorney David Jensen, counsel of record for the Former Board, who are defendants in the state court class action. He also has a relationship with Stratford, who insures his clients, and therefore Jensen has coordinated with Stratford regarding the ongoing litigation. Jensen argues that he has answered interrogatories and provided documents in the state litigation and is willing to do so in this case as well but asks that the deposition be quashed. He argues that S&H have alternative means to seek the information they desire, that anything that could be asked about the class action and his relationship with his client is privileged, and that a previous subpoena was quashed by the judge in the state court class action, such that allowing it in federal court violates the doctrine of *Younger* abstention.

S&H issued a subpoena to non-party Attorney Larry Evans, attorney for Rex Properties. They want to depose Evans and seek information from Attorney Evans about all of his communications with other parties in this and the related state court cases. Evans argues that the subpoena subjects him to an undue burden, asks him to produce materials that could be obtained from parties to the suit, and requires him to disclose privileged information. He also argues that the material being sought is duplicative of that from a subpoena that was previously quashed in

5

state court, thereby violating the *Rooker-Feldman* doctrine, and that the information sought is not relevant to the instant case.

Factors considered in determining whether a subpoena is unduly burdensome include non-party status, relevance, the issuing party's need for the discovery, and the breadth of the request. *Uppal v. Rosalind Fraklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015). The party seeking to quash the subpoena bears the burden of proving that it is unduly burdensome. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012).

In response to Jensen's motion, S&H argue that Jensen has failed to produce copies of law firm records or other information about his alleged collusion with Rex Properties and argue that there are unique facts pled in the instant suit that are not also in the state suit. They argue that communications about enforcement of the sewer agreement are not privileged and argue that Jensen should attend the deposition and individually assert any privilege objection to each question asked. In reply, Jensen points out that he did not raise a relevance objection to the discovery request, making many of S&H's arguments irrelevant to his motion. He also asserts that he has already provided all the information regarding his communications with counsel for Rex Properties in the state litigation, involving the same parties who are seeking the information here and that the judge in the state court already barred the taking of his deposition. Jensen argues that any additional information Defendants could be seeking through a deposition is privileged, since his only knowledge of the underlying dispute is the information he gained as an attorney for the defendants in the Class Action. Any interaction he had with the insurance carrier for his clients in that case falls within those privileges that Stratford has made clear it has not and will not waive.

As the Court holds in its accompanying order, and described in more detail therein, communications about litigation and/or possible claims between Stratford Insurance Company, its

6

outside counsel, and the Former Board (as its insured) are privileged. *See Richey v. Chappell*, 594 N.E.2d 443, 447 (Ind. 1992); *Zurich Am. Ins. Co. v. Circle Ctr. Mall, LLC*, 113 N.E.3d 1220, 1230 (Ind. Ct. App. 2018) ("Indiana . . . has adopted the common-interest privilege, which is 'an extension of the attorney-client privilege' that 'permits parties whose legal interests coincide to share privileged materials with one another in order to more effectively prosecute or defend their claims.'") (quoting *Brown v. Katz*, 868 N.E.2d 1159, 1166 (Ind. Ct. App. 2007)); *Groth v. Pence*, 67 N.E.3d 1104, 1119 (Ind. Ct. App. 2017) ("The common interest privilege treats all involved attorneys and clients as a single attorney-client unit.") (quoting *Price v. Charles Brown Charitable Remainder Unitrust Trust*, 27 N.E.3d 1168, 1173 (Ind. Ct. App. 2015)). Accordingly, information Jensen has about the case through his role as counsel for the Former Board is protected from disclosure unless that privilege has otherwise been waived.

Evans also asserts that most of the information being sought in this case was barred from being produced in the state court. He points out that the scope of the deposition topics is not delineated in the subpoena, but that information Evans learned through his representation of Rex Properties is privileged. He asserts that non-privileged information has already been provided.

Documents "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" are generally protected from disclosure. Fed. R. Civ. P. 26(b)(3); *see also* Ind. Trial Rule 26(B)(3). The privilege protecting "fact" work product "may only be overcome if the party seeking production demonstrates both a substantial need for the materials and that it would suffer undue hardship in procuring the requested information some other way." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996). However, "even when a litigant makes the substantial need showing, 'opinion' work product remains protected." *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1023-24 (7th Cir. 2012); *see also*

7

*Upjohn Co. v. United States*, 449 U.S. 383, 401–02 (1981).

  S&H argue that Evans must raise privilege claims on a question-by-question basis at a deposition, and that communications he had with third parties are not privileged. They also argue extensively that there is no common interest privilege between SFU and Rex Properties. Similarly, SFU argues that no common interest privilege exists with respect to Evans's communications with other parties about SFU since he did not represent SFU. However, Evans never asserted the common interest privilege, or claimed privilege as to any party other than his client, Rex Properties. Likewise, Jensen's assertions of common interest privilege involve the common interest between insurer and insured in litigation, and do not involve SFU or Rex Properties. SFU and S&H do not demonstrate substantial need for the work-product information and undue hardship from procuring the information another way.

  A thread throughout Defendants' arguments is the assertion that they are entitled to discovery to support their claims of collusion because they have claimed that the non-party attorneys committed conspiracy, and that these claims override the typical reticence for deposing attorneys or the attorneys' privilege objections. S&H mention their accusations of collusion more than 25 times in their response brief and another 9 in their response to Jensen, not counting reference to schemes, bad faith, or conspiracy. They treat as factual their allegations that Evans and Jensen worked with each other and other lawyers against SFU's interest. However, despite their repeated assertions about Evans and Jensen, they do not provide any evidence of this purported far-reaching scheme other than reference to a single email Jensen sent to Evans requesting a meeting. And, as Evans points out, the purported smoking gun email was not attached by S&H to their brief. On January 18, 2023, after Evans's reply was filed, S&H filed a document with no explanation that appears to include some email correspondence involving both Jensen and

8

Evans. Assuming they are intending it to be evidence in support of their arguments, the Court notes that mere references to Shorewood litigation, filings, and Evans agreeing to accept service on behalf of Rex Properties do not rise to the level of evidence of a long term conspiracy. *See Cooper v. Rezutko*, No. 3:17-CV-834-PPS-MGG, 2019 WL 927095, at *6 (N.D. Ind. Feb. 26, 2019) (concluding that the non-party "subpoena is neither reasonable nor proportional" where "the [subpoena seeker]'s suspicions about a conspiracy between the [non-party] and Plaintiff's attorneys are not supported by the evidence currently before the Court. The [subpoena seeker] views the communications already produced by Plaintiff through a cynical lens that sees conspiracy behind every corner," but the "examples of communications that it interprets as evidence of conspiracy . . . simply reflect a reporter doing what a reporter does"); *see also Bartlett v. State Farm Mut. Auto. Ins.*, 206 F.R.D. 623, 627 (S.D. Ind. 2002) (finding that privilege applied even when insurer accused of bad faith because where "[the insurer] believed that its communications with [outside counsel] could be open and candid and that it would be protected by the attorney-client privilege … [and] the fact that [the insurer] denies it acted in bad faith does not invoke the so-called 'put-in-issue' exception"); *Hartford Fin. Servs. Grp., Inc. v. Lake Cnty. Park & Recreation Bd.*, 717 N.E.2d 1232, 1238 (Ind. Ct. App. 1999) ("To permit [a party] access to the documents simply because it asserted a bad faith claim . . . would ignore the basic premise of protecting the attorney-client privilege.").

Nothing Defendants have presented leads the Court to believe that Attorneys Evans and Jensen are withholding non-privileged information relevant to this case and S&H have not met the burden overcoming the presumption against requiring disclosure of privileged information. The Court need not get into the intricacies of whether *Younger* abstention or the *Rooker-Feldman* doctrine apply, but notes that it appears that the discovery requests appear to be an attempt to make

9

an end-run around the state court's orders to discover information that would be used in an ongoing case in another court.

Given Defendants' repeated attempts to obtain discovery from attorneys in this and the state court case, its failures to comply with the applicable Rules for obtaining non-party discovery, and the sheer volume of repetitive briefing, the Court finds that the protective order Evans seeks is appropriate, and, although Jensen does not request a protective order, will also forbid S&H from serving him additional discovery requests in this lawsuit.

**C.**     Motion to Compel

S&H seek to compel discovery from non-party Richard Pretti, outside counsel for Stratford. They attach non-party request for production, citing to Federal Rule of Civil Procedure 34, and a subpoena requesting production of those documents. However, Pretti is not a party to this lawsuit, so S&H cannot request documents from him under Rule 34. *See* Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 34(c) (stating that Rule 45 governs nonparty requests for documents). Rule 45 requires that subpoenas must, among other requirements, "state the court from which it issued; . . . [and] set out the text of Rule 45(d) and (e)," and it "must issue from the court where the action is pending," with notice and a copy served on each party prior to service on the person to whom it is directed. Fed. R. Civ. P. 45(a). The subpoena and document request provided with the instant Motion do not comply with these requirements, and, as Pretti lays out in his response, fail to comply with a number of the other requirements of Rule 45. Accordingly, the Court cannot enforce the subpoena against the non-party. The Court notes that the deposition request provided to Attorney Jensen was also deficient and also failed to include a subpoena in compliance with Rule 45, in addition to the underlying issues with the requests addressed above.

In addition, much of the information sought from Pretti appears to be privileged and not

10

subject to disclosure, as described in the accompanying Opinion denying the S&H's motion to compel discovery from Stratford, and in line with the analysis above regarding the requests to attorneys Jensen and Evans. The Court finds good cause to issue a protective order prohibiting S&H from serving discovery requests or subpoenas for deposition on Attorney Pretti.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **DENIES** Defendant/Counterclaim Plaintiffs' Motion to Strike Larry Evans' Affidavit in Support of Motion to Quash Subpoena [DE 121] and Defendant/Counterclaim Plaintiffs' Third Motion to Compel Discovery from Stratford Insurance Company and Richard Pretti [DE 107]. The Court **GRANTS** the Motion to Quash Deposition [DE 94] and the Motion to Quash Subpoena to Non-Party Attorney Larry G. Evans, for a Protective Order, and for Attorney's Fees [DE 120]. The Court **ORDERS** that Attorneys Evans, Jensen, and Pretti need not respond to any subpoenas, deposition requests, or requests for production issued by S&H in the instant lawsuit.

Pursuant to Rule 37, because the motions to quash are granted and the motion to compel denied, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A), (B); *see also* Fed. R. Civ. P. 26(c)(3) (providing that "Rule 37(a)(5) applies to the award of expenses" in an action for protective order).

Accordingly, the Court **ORDERS** Attorneys Evans, Jensen, and Pretti to file, on or before **May 15, 2023**, itemizations of their costs and fees, including attorney's fees, incurred in filing their motions to quash and, for Pretti, defending against the motion to compel, along with argument as to why those expenses are reasonable in this situation. The Court **ORDERS** S&H to file their

response by **May 29, 2023**, and Attorneys Evans, Jensen, and Pretti to file replies, if any, by **June 5, 2023**.

    SO ORDERED this 1st day of May, 2023.

                                               s/ John E. Martin
                                               MAGISTRATE JUDGE JOHN E. MARTIN
                                               UNITED STATES DISTRICT COURT

cc:    All counsel of record