UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STRATFORD INSURANCE CO., <br>     Plaintiff, <br><br>     v. <br><br> SHOREWOOD FOREST UTILITIES, <br> INC., *et al.*, <br>     Defendants, <br><br> CARLOTTA HOLMES and <br> GREG SCHAFER, <br>     Counterclaim Plaintiffs, <br><br>     v. <br><br> STRATFORD INSURANCE CO., <br>     Counterclaim Defendant. | CAUSE NO.: 2:20-CV-372-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Stratford Insurance Company's Notice of Itemization of Attorneys' Fees Pursuant to Order [Dkt No. 143] Regarding Class Plaintiffs' and SFU's Motions to Compel Party Discovery [DE 147], filed on May 15, 2023. Greg Schafer and Carlotta Holmes and Shorewood Forest Utilities, Inc. filed responses addressing the requests on May 30, 2023, and on June 5, 2023, Stratford filed a reply in support of their fee request.

**I.    Background**

Stratford Insurance Company issued an insurance policy to Shorewood Forest Utilities (SFU). The board of SFU ("Former Board") investigated the possibility of expanding its subdivision to add homes with Rex Properties. SFU and Rex Properties formed an agreement to

1

expand the sewer system to support the new development. Community members who were opposed to the development, including named plaintiffs Greg Schafer and Carlotta Holmes ("S&H"), filed a class action suit in state court. After the suit was filed, a number of those class action members, including Schafer and Holmes, were elected to the SFU board in an election (the "New Board"). The New Board voted to rescind the sewer agreement. Eventually, a consent judgment was entered between the class action plaintiffs and SFU, one of the defendants in the case, but not with the Former Board defendants. The consent judgment included a covenant promising that the class action plaintiffs would only seek enforcement of payment of the judgment against Stratford as SFU's insurer and not against any other parties. The class action is still proceeding against the Former Board in state court. A number of other lawsuits were also filed in state court, some of which were removed to federal court.

In the instant Complaint, filed October 15, 2020, Stratford claims it did not agree to the consent judgment in the state court class action suit filed by S&H on behalf of SFU and seeks a declaration that it has no obligation regarding the consent judgment. After a motion to dismiss was granted in part on September 27, 2021, the declaratory judgment claims regarding the extent of Stratford's insurance obligations remain, as do counterclaims against Stratford for bad faith, breach of contract, and abuse of process, arising out of the consent judgment and other state court suits.

On September 2, 2022, the Court denied S&H's previous motion to compel, finding that it was premature and warning the parties of the need to work together to resolve their discovery disputes without involving the Court. S&H filed another to compel discovery from Stratford in November, and SFU also filed a motion to compel discovery from Stratford. Two motions to quash

non-party depositions of attorneys noticed by S&H, another motion to compel filed by S&H, and a motion to strike filed by S&H (not subject to the instant fees request) were also filed and briefed between November 2, 2022, and February 3, 2023, totaling hundreds of pages of briefs and exhibits. Only a month after the last motion was fully briefed, S&H filed a motion to expedite ruling on the pending motions. On May 1, 2023, the Court entered orders denying S&H's motion to compel discovery from SFU, denying both S&H's and SFU's motions to compel discovery from Stratford and quashing the depositions of non-party attorneys that S&H sought. As relates to the instant fee request, the Court directed Stratford to file itemizations of its costs and fees incurred in defending against the motions to compel filed by S&H and SFU.

## II.     Analysis

Because the motions to compel were denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "The burden of persuasion is on the losing party to avoid assessment of expenses and fees rather than on the winning party to obtain such an award." *ED&F Cap. Markets Ltd. v. JVMC Holdings Corp.*, 335 F.R.D. 174, 180 (N.D. Ill. 2020) (*quoting Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 1999 WL 446691, at *1 (N.D. Ill. June 23, 1999)).

Stratford seeks $35,413.00 in attorney fees from S&H and SFU, representing 142 attorney hours at rates ranging from $235 to $260 per hour, and an additional $4,862.00 for preparing the fee petition and $7,436.00 to create the briefs responding to SFU and S&H's arguments. In

3

response to the fee petitions, S&H and SFU request that the Court reconsider the order. They both argue that the requested discovery is necessary and not protected by privilege.

Local Rule 7-1 governs motions practice and provides that motions must be filed separately from other documents. N.D. Ind. L.R. 7-1(a). Even were there a properly-filed motion to reconsider before the Court, motions to reconsider do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee,* 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)). In this case, the arguments in support of its motion to reconsider are those S&H and SFU made or could have made in the initial briefing. The Court declines to reconsider its previous ruling but will address the arguments within their briefing insofar as they

apply to the concept of their arguments being substantially justified or an award of fees being unjust.[1] Fed. R. Civ. P. 37(a)(5)(A).

SFU again argues that Rex Properties LLC is not a member of the common interest group, so the information being sought in its motion to compel is not privileged and it was substantially justified in filing the motion. Likewise, S&H reiterate their argument that Stratford and Rex Properties communicated about settlement without informing SFU or S&H, so they were justified in seeking discovery from Stratford and continue to insist that communications between Stratford and Rex's counsel are not privileged. As the Court explained,

> Stratford is not arguing that there is any common interest with Rex or that it is withholding documents based on a theory that the Former Board and SFU are commonly represented. Instead, Stratford is asserting that communications about litigation and/or possible claims between Stratford Insurance Company, its outside counsel, and the Former Board (as its insured) are privileged. S&H also refer to the insurance relationship between SFU and Stratford as waiving any privilege Stratford could claim; however, SFU's waiver of any privilege it had as a result of its relationship with Stratford does not waive the privilege between Stratford and other insureds, including the Former Board. Furthermore, any information being sought about the relationship between Stratford and SFU can be obtained from SFU, also a party in this lawsuit.

Continued reiteration of what SFU and S&H want the relationship between the entities to be does not mean that exists, their continued argument that Stratford was asserting a common interest privilege with Rex Properties is inconsistent with the privilege actually being claimed as laid out in the privilege log, and those assertions and arguments were not substantially justified. Likewise, S&H's arguments about the alleged collusion of the attorneys, unsupported by evidence of collusion, remain insufficient to overcome the presumption against requiring disclosure of

---

[1] The Court also notes that, in addition to arguing a motion to reconsider in combination with their response brief, S&H also responded to all the fee petitions, both those addressed in the instant Order and those filed with respect to a separate Opinion addressing non-party production. The Court has attempted to parse S&H's arguments and address them in the appropriate Order, while noting that there is some overlap.

privileged information, including attorney-client information and communications made during negotiations and mediation.

Neither SFU nor S&H object to the hourly rate charged by Stratford's attorneys. S&H argues that the petition fails to include detailed itemized attorney time to determine what time was legitimately billed. SFU and S&H both argue that the imposition of fees is unjust and that the time billed by Stratford's attorneys is disproportionate and excessive, and SFU argues that the time spent responding to the motion to compel was more time than necessary. However, the billing statements included with the requests appear adequately itemized to determine that, although a lot of time was billed, the time appears to have been spent primarily addressing the privilege contentions and the numerous pages of arguments made by S&H and SFU. S&H also argue that awarding fees would be a financial burden on them since they are self-funding the class action litigation and the counterclaim filed in the instant case. They do not argue that they are completely unable to pay, and the Court notes that the extensive briefing that they filed contributed to the number of hours Stratford worked to respond to it. The Court finds that an award of fees as requested by Stratford is appropriate, including the time spent on the fee petition and other briefing with respect to the request.

### III. Conclusion

Accordingly, the Court **GRANTS** Stratford Insurance Company's Notice of Itemization of Attorneys' Fees Pursuant to Order [Dkt No. 143] Regarding Class Plaintiffs' and SFU's Motions to Compel Party Discovery [DE 147] and **ORDERS** counsel for Schafer and Holmes and counsel for Shorewood Forest Utilities to arrange for the reimbursement, within a reasonable time, of $47,711 in attorney fees to Stratford Insurance Company incurred in defending against their

motions to compel.

  SO ORDERED this 11th day of September, 2023.

                s/ John E. Martin
                MAGISTRATE JUDGE JOHN E. MARTIN
                UNITED STATES DISTRICT COURT

cc: All counsel of record