UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STRATFORD INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHOREWOOD FOREST UTILITIES, INC., ) <br> GREG SCHAFER, and CARLOTTA ) <br> HOLMES, Individually and on Behalf of ) <br> All Others Similarly Situated, ) <br> ) <br> Defendants. ) <br> ) <br> ~~~~~~~~~~~~~~~~~~~~~~~~~~~~ ) <br> ) <br> GREG SCHAFER and CARLOTTA ) <br> HOLMES, Personally and As Agents and ) <br> Assignees of Shorewood Forest Utilities, ) <br> Inc., ) <br> ) <br> Counterclaim Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STRATFORD INSURANCE COMPANY, ) <br> ) <br> Counterclaim Defendant. ) | NO. 2:20CV372-PPS/JEM |

**OPINION AND ORDER**

This case is part of protracted and complicated litigation filed in both state and federal courts all stemming from a proposed expansion of a sanitary sewer system in the Shorewood Forest Subdivision near Valparaiso, Indiana. The expansion plan was initially supported by board members who were subsequently replaced by different board members. The new board included defendants (and counter-plaintiffs) Greg

Schafer and Carlotta Holmes, who did not support the expansion. This slice of the litigation arises from Stratford Insurance's issuance of a "Directors, Officers, Insured Entity and Employment Practices Insurance Policy" to Shorewood Forest Utilities, Inc. [DE 1 at ¶15.] Stratford seeks a declaratory judgment that it is not responsible for a $5 million consent judgment that was entered against Shorewood in a state court action that was related to the failed expansion plan. [DE 1 at 36-37.] The counterclaim brought by Holmes and Schafer seeks damages for Stratford's alleged breach of its duty of good faith and fair dealing. [DE 15.]

This case has been pending for almost 3 ½ years, and Magistrate Judge Martin has expended great time and energy on countless discovery disputes, holding multiple telephonic conferences and issuing a number of orders. (*See, e.g.*, DE 74, 84, 143, 144, 150, 162, 163, 180.) For over a year, defendants Shorewood, Schafer and Holmes have repeatedly found different ways to dispute and challenge Judge Martin's orders regarding privilege, party discovery, and non-party discovery (including filing a barrage of motions to compel and motions to expedite rulings). Defendants are attempting to re-litigate many of the same discovery disputes over and over. This is entirely inappropriate and, frankly, not particularly effective advocacy.

On May 1, 2023, Judge Martin denied two motions to compel filed by Shorewood and Schafer/Holmes on discovery sought from Stratford. [DE 143 denying DE 86 and 91]. Also on May 1, Judge Martin granted motions to quash filed by attorneys David Jensen, counsel for the former Shorewood board, and Larry Evans, counsel for Rex

2

Properties (with whom the former board contracted about the proposed expansion), and denied yet another motion to compel by Schafer and Holmes. [DE 144 granting DE 94 and 120 and denying DE 107.]

Thereafter, Judge Martin assessed attorneys' fees against Schafer, Holmes and Shorewood pursuant to Fed.R.C.iv.P. 37(a)(5)(A) and (B), which require the court, after ruling on certain discovery motions, to assess against the losing party the opponent's reasonable expenses, unless the losing party's position was substantially justified or other circumstances make an award of expenses unjust. Attorney fees of $47,711 were awarded to Stratford against Schafer, Holmes and Shorewood for Stratford's defense against their motion to compel denied in DE 143. [DE 163.] Related to Judge Martin's ruling in DE 144, he granted against Schafer and Holmes $6,118.00 to attorney Jensen, $20,337.50 to attorney Evans, and $34,661.50 to Stratford. [DE 162.] Now before me is an appeal of those rulings by Schafer, Holmes and Shorewood in their joint Motion to Vacate Magistrate's Order for Sanctions. [DE 164.]

Schafer and Holmes have also filed a "Motion to District Judge for Order Enforcing Pending Court Discovery Order" [DE 172], seeking an order to "enforce" Magistrate Judge Martin's discovery order dated September 2, 2022 [DE 84]. The last sentence of that order directs Stratford to "provide its response to the discovery requests addressed in the Motion, including a provision of a privilege log and proposed dates for the required depositions, by September 30, 2022." [DE 84 at 5.] Defendants

3

claim Stratford ignored the order, and has refused to provide dates for required depositions. [DE 172 at 3.]

This is really an attempt to make an end-run around Judge Martin's subsequent May 1, 2023 rulings in this case, the two lengthy orders now separately appealed by Schafer, Holmes and Shorewood. The May 1 orders denied Defendants' multiple motions to compel, and dealt with privilege issues and the reach of discovery. [DE 143, 144.] As to a deposition of a Rule 30(b)(6) deponent, Judge Martin ruled "the Court will not order Stratford to produce non-parties involved in the state litigation for depositions." [DE 143 at 13.] Judge Martin also noted, "[n]ow that the questions of privilege are resolved, the parties should meet and confer regarding what depositions are necessary and attempt to schedule them at mutually beneficial times." [DE 143 at 13.] Instead of seeking to meet and confer, Defendants filed motions for reconsideration of the orders denying their motions to compel, then the "Motion to Vacate," and finally this motion to enforce, trying to re-open what was already resolved by Judge Martin. The extraneous "motion for order enforcing" will be denied because the rulings at the heart of the issues are before me for review under Rule 72(a) on the Motion to Vacate.

Before I get to the appeal itself, I need to clear out some underbrush. Stratford has filed an objection to the filing of separate reply memoranda by Shorewood Forest [DE 169] and Shafer and Holmes [DE 170]. The two responses to the objection [DE 173 and 174] reasonably explain that separate replies could be filed by distinct parties with

4

distinct issues to address, even if they initially (and efficiently) filed the motion jointly. Stratford has wisely filed no reply in support of its objection which is hereby overruled.

Let's move now to the appeal [DE 164] which the Defendants call a "Motion to Vacate." *Id.* The motion is made pursuant to Fed.R.Civ.P. 72(a), which authorizes a district judge to consider timely objections to a magistrate judge's non-dispositive decision and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." After correctly citing the clear error standard of Rule 72(a), the motion incorrectly invokes an inapplicable de novo standard of review without citing any applicable authority. [DE 164 at 3.] Magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). Rule 72(a)'s "clearly erroneous" standard of review is an extremely deferential one. *Perez v. Staples Contract & Commercial LLC*, 31 F.4th 560, 569 (7th Cir. 2022). Clear error is only found where the "reviewing court...is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006), quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). Even if I would have decided the matters differently, Judge Martin's rulings will stand unless the movants demonstrate that they were clearly erroneous or contrary to law.

The appeal is opposed on the ground that it is untimely. Rule 72(a) allows a party to "serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy." Judge Martin's orders denying Schafer/Holmes and Shorewood's motions, and granting the motions to quash their deposition notices, were

5

issued on May 1, 2023. [DE 143, 144.] Nearly five months later, the Motion to Vacate (which according to the rule should have been "Objections" instead) was filed on September 25, 2023. The motion was filed 14 days after Judge Martin's September 11 orders imposing attorney's fees on Schafer/Holmes and Shorewood. [DE 162, 163.] So which orders are the movants actually objecting to?

In his May 1 orders, after setting out his reasoning and his rulings on the discovery motions before him, Judge Martin quoted the Rule 37(a)(5)(B) standard, ordered Stratford to file itemizations of its costs and fees, and set deadlines for Shorewood and Schafer/Holmes to respond and Stratford to reply. Judge Martin did not determine that Schafer/Holmes and Shorewood's positions were unjustified until the September 11 orders, "after giving an opportunity to be heard" as the rule requires. The Motion to Vacate obscures its object, referring vaguely to the "Magistrate Judge's sanction order," and later using the plural "Sanctions Orders" and referring to the total sum of the fees awarded in the two September 11 orders. [DE 164 at 1, 2.] Later still, the motion cites all four orders after referring to them collectively as "the Magistrate Judge's sanctions orders." [*Id*. at 3.]

Setting aside the attempted sleights of hand, the Motion to Vacate was not timely filed to interpose objections to the May 1 orders. Rule 72(a) is as plain as day as to the consequences of untimely challenging a magistrate judge's order on a non-dispositive matter: "A party may not assign as error a defect in the order not timely objected to." The Advisory Committee Notes to the 1991 Amendment underscore the point: "The

6

amendment is also intended to assure that objections to magistrate's orders that are not timely made shall not be considered." The policy behind the short and tight 14-day window is obvious. Appeals of non-dispositive rulings should not be allowed to bog down litigation, a serious concern in a case like this one. So the substance of Judge Martin's rulings on the various discovery motions in the two May 1 orders is not subject to challenge by the Motion to Vacate.

What was decided in the September 11 orders, as to which the Motion to Vacate was timely filed under Rule 72(a), are two things: (1) that Schafer/Holmes and Shorewood's positions were not substantially justified, and (2) the amount of reasonable expenses to be awarded to their opponents. The Motion to Vacate presently before me does not address the determination whether defendants' positions were substantially justified. That standard is never mentioned. Instead, the Motion to Vacate is primarily devoted to re-arguing why Schafer/Holmes and Shorewood should have prevailed in Judge Martin's May 1 rulings. Those arguments need not be considered as they were not timely made in objections filed within 14 days of those rulings.

This insistence on repeating the same arguments rather than ones appropriate to a particular procedural stage is familiar conduct from these parties. In his September 11 rulings, Judge Martin noted that Schafer/Holmes, when given the opportunity to be heard concerning the imposition of reasonable attorney's fees, did not attempt to demonstrate that their positions were substantially justified, but instead improperly argued for reconsideration with the same arguments or ones that could earlier have

7

been made. [DE 162 at 5, 6; DE 163 at 5.] Judge Martin addressed those arguments "insofar as they apply to the concept of their arguments being substantially justified or an award of fees being unjust." [DE 162 at 5; DE 163 at 4-5.] I will do the same, an appropriate limitation of the Motion to Vacate as an appeal of Judge Martin's September 11 orders.

So as to understand the various arguments, I first need to summarize Judge Martin's underlying rulings. In the first of the May 1 orders, Judge Martin denied a motion to compel filed by Shorewood because he found it failed to comply with the requirements of local and federal rules to certify attempts at resolution before filing a motion. [DE 143 at 6.] Judge Martin also found that a motion to compel by Schafer/Holmes was inadequate to demonstrate "legitimate attempts to resolve the dispute raised in the instant motion," but he did not deny their motion on that basis. [*Id.* at 5.] Instead, he proceeded to consider their challenge to Stratford's assertion of privileges against discovery. Because the shortcomings of defendants' "meet and confer" compliance were not the basis of any sanctions imposed, I do not give further consideration to their unhelpful quarrel with Judge Martin's treatment of that compliance. [DE 164 at 7-8.]

The discovery in question was sought to support the counterclaims that allege Stratford's bad faith in connection with the state court actions arising out of the Shorewood Forest Utilities' (SFU) expansion plan fiasco. Schafer/Holmes want to demonstrate that Stratford engaged in improper behavior against the interests of its

8

own insured (SFU) by colluding with other parties. Judge Martin found that communications about litigation and possible claims between Stratford, its outside counsel, and former board members (who were also its insureds) were privileged and "any information being sought about the relationship between Stratford and SFU can be obtained from SFU, also a party in this lawsuit." [DE 143 at 10.] Judge Martin also ruled that Schafer/Holmes' unsupported allegations of bad faith or collusion are insufficient to overcome attorney-client privilege. [*Id*.]

To the extent that the movants sought communications between Stratford and Paul Poracky, counsel for Shorewood and Schafer/Holmes, Judge Martin concluded that Schafer/Holmes "should have access to these communications from Poracky," their own attorney, "so there is no reason for them to be compelled." [*Id*. at 11.] As to another subset of documents, Judge Martin found that "communications made during negotiation and mediation are protected from disclosure, and S&H are not entitled to communications about mediation, including settlement communications with counsel for Rex Properties," the party the former board contracted with for the sewer expansion. [*Id*. at 11.]

In the second of his May 1, 2023 orders [DE 144], Judge Martin quashed the notice of deposition Schafer/Holmes issued to attorney David Jensen, counsel of record for the former Board members whom Schafer/Holmes sued in the state court class action. Having held in the other May 1 order that communications between Stratford, its outside counsel and the Former Board (as its insured) concerning litigation and/or

9

possible claims are privileged, Judge Martin concluded that "information Jensen has about the case through his role as counsel for the Former Board is protected from disclosure unless that privilege has otherwise been waived." [*Id.* at 6-7.] Judge Martin also quashed the notice seeking Schafer/Holmes' deposition of attorney Larry Evans, attorney for Rex Properties, because information Evans learned through his representation of Rex is privileged, and Schafer/Holmes did not demonstrate substantial need for work-product information or undue hardship from procuring the information another way. [*Id.* at 7-8.]

Judge Martin again concluded that unsupported allegations of a collusive conspiracy among the attorneys did not overcome applicable privileges. "[D]espite their repeated assertions about Evans and Jensen, [Schafer/Holmes] do not provide any evidence of this purported far-reaching scheme other than reference to a single email Jensen sent to Evans requesting a meeting...[a]nd,...the purported smoking gun email was not attached by S&H (Schafer/Holmes) to their brief." [DE 144 at 8.] Ultimately, Judge Martin found that Schafer/Holmes did not support a finding that Evans and Jensen withheld relevant non-privileged information, and did not meet their burden of overcoming the presumption against requiring disclosure of privileged information. [*Id.* at 9.]

How do movants contend Judge Martin's imposition of attorneys fees in connection with these rulings was clearly erroneous or contrary to law? As I've already indicated, the motion to vacate is largely devoted to offering (once again) movants'

10

previous arguments in support of their losing positions before Judge Martin. This approach does not demonstrate clear error in Judge Martin's analysis so as to meet the applicable standard of review.

Defendants contend that Judge Martin's order was clearly erroneous for finding a privilege protecting communications between Stratford and various third-parties including Rex Properties' counsel (Mr. Evans). According to the Defendants, Shorewood obtained an expert report that "establishes" there was no "tripartite relationship between Stratford, and third parties including Rex Properties, Larry Evans, David Jensen, and thus there was never any privilege that attached to communications between Stratford (and its outside counsel), and third parties who communicated with representatives of Rex Properties LLC." [DE 164 at 4.] Of course, an expert report is evidence, but it cannot properly be said to "establish" any fact or conclusion. [DE 164 at 4.] Even more significantly, movants acknowledge that their expert reports were not filed of record when Judge Martin made the challenged decisions. So even if the expert opinions carried the day for movants, the reports were not before Judge Martin and can't demonstrate any error on his part. [*Id.*]

Defendants repeat their previous argument that attorney-client privilege and the common interest doctrine did not protect Stratford's communications with Rex Properties' counsel. [DE 164 at 16-17.] But Judge Martin rejected that argument because it "is inconsistent with the privilege actually being claimed" as "Stratford is not

11

arguing that there is any common interest with Rex or that it is withholding documents based on a theory that the Former Board and SFU are commonly represented." [DE 163 at 5; DE 143 at 9.] In other words, Defendants' argument aims at a non-existent target. As Judge Martin explained, "[i]nstead, Stratford is asserting that communications about litigation and/or possible claims between Stratford Insurance Company, *its outside counsel, and the Former Board (as its insured)* are privileged." [DE 143 at 9 (emphasis added).]

As for Stratford's communications with Rex Properties, Judge Martin found those are entitled to protection for a different reasons: communications with Rex Properties about negotiation, mediation and settlement are generally protected from disclosure by Federal and Indiana Rules of Evidence 408, which is a basis entirely unrelated to the attorney-client privilege or the common interest doctrine. [DE 143 at 11.] Movants' misplaced argument does not demonstrate a basis for setting aside Judge Martin's analysis.

Defendants also contend that it was error, even a denial of due process, for Judge Martin to sanction them on May 1 for seeking discovery that was not prohibited by a prior order. [DE 164 at 6-7.] This represents a misunderstanding of discovery procedure. The May 1 orders decided the issue whether the discovery could be had. Sanctions were levied in the orders of September 11 only after movants had the opportunity to demonstrate that their position was substantially justified or other

12

circumstances made an award of fees unjust. This is precisely the procedure provided for in the Federal Rules of Civil Procedure, and no error is demonstrated in this regard.

Defendants' attempt to justify their sanctioned discovery motions by way of Stratford's alleged failure to provide dates for court-ordered depositions is illogical and a non-starter. [DE 164 at 9-11.] The imposition of attorney's fees resulted from their unjustified legal positions for seeking to compel discovery. If Judge Martin found that the discovery was not justified, then obviously he did not believe the discovery was required by any of his prior orders.

Defendants repeatedly refer to Stratford's "conduct in orchestrating the non-authorized state court declaratory judgment lawsuit filed in Porter Superior Court, which was ostensibly filed in SFU's name (as a plaintiff) without SFU's knowledge, authorization, or informed consent." [DE 164 at 11; *see also id*. at 5, 17.] This assertion of defendants' belief about Stratford's conduct may explain why they wanted the information they sought in discovery, but does not provide a justification for their legal positions on the subject. Furthermore, the contention presents one of many examples of counsel presuming the district court's encyclopedic knowledge of this and all related cases, rather than providing this "appellate court" with all information necessary to understand the landscape of the litigation. Defendants don't cite to any portion of the record that shows who the parties to the state court "dec action" lawsuit were and what claims were made there. So I can't fully understand or verify the nature of the state court case referred to.

Finally, after I find no clear error in Judge Martin's conclusions that defendants' positions were not substantially justified, we reach their challenges to the assessment of appropriate fee awards, a subject as to which the Motion to Vacate *was* timely filed within 14 days of the September 11 orders.  Defendants argue that the power to award sanctions lies with the district court and not the magistrate judge. [DE 164 at 22].  The cases on which movants rely (both from the 1990's) are inapposite to an award of reasonable expenses in the discovery context under Rule 37.  Instead *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994), involved sanctions under Rule 11 for a frivolous lawsuit ("an award of sanctions under Fed.R.Civ.P. 11 after a case has been dismissed on the merits cannot be called a 'pretrial matter.'")  *Gorbitz v. Corvilla, Inc.*, 196 F.3d 879 (7th Cir. 1999), cites *Alpern* and involves sanctions based on "failure to comply with the directions of the magistrate," not expenses awarded under Rule 37.  Neither of these cases is at all persuasive for present purposes.

The more sensible reading of Rule 37(a)(5) is that it is a fee-shifting provision inextricably intertwined with the indisputably non-dispositive matter of the underlying discovery ruling, and therefore well within the authority of the magistrate judge to whom non-dispositive matters have been referred. This was the conclusion of Magistrate Judge Harjani in *Cage v. Harper*, No. 17-cv-7621, 2020 WL 1248685 (N.D.Ill. 2020). In his thorough and persuasive opinion, Judge Harjani exhaustively surveyed the law on this subject and concluded that he did have the authority to impose sanctions under Rule 37. I agree with his persuasive opinion.

14

Other courts have arrived at a similar conclusion. *Flores v. Lowes Home Centers, L.L.C.*, EP-22-CV-00296-KC, 2023 WL 4409850, at *5, n.25 (W.D.Tex. July 7, 2023) (because discovery is by definition a pretrial matter, magistrate judges have authority to assess reasonable expenses and attorney's fees under Rule 37); *Belcastro v. United Airlines, Inc.*, No. 17-cv-01682, 2020 WL 1248383, at *4 (N.D.Ill. Mar. 15, 2020) (fee-shifting under Rule 37(a)(5) is a non-dispositive matter over which a magistrate judge has authority under a 28 U.S.C. §636(b)(1)(A) referral). As the court noted in *Belcastro*, "[i]t would be highly unusual and inefficient for a magistrate judge to have to bifurcate a motion to compel such that he could issue an order with independent effect on the substantive issues but only a report and recommendation as to fee-shifting." *Id.* See also *Hangzhou Aoshuang E-Commerce Co., Ltd. v. 008Fashion*, 336 F.R.D. 154, 156 (N.D.Ill. 2020).

Defendants also challenge the various fee awards as excessive and unduly burdensome. [DE 164 at 20-21.] Without objective support or analysis, movants make merely subjective arguments such as the fee applications represent "piling on" to punish Schafer/Holmes for pursuing discovery, that the cumulative amount sought by Evans and Jensen for their successful motions to quash is "extreme and disproportionate," and that the total amount awarded represents "a huge financial burden" to Schafer/Holmes. [DE 164 at 20, 21.] These subjective and general arguments fail to meet the clear error or contrary to law standard.

Not until Shorewood's reply brief am I given a slightly more objective analysis of the fee award, but this minimal breakdown of the itemized fees establishes nothing and in any event comes too late. Arguments cannot be raised for the first time in reply briefs, affording the opponent no opportunity to respond. *See, e.g., United States v. Williams*, 85 F.4th 844, 849 (7th Cir. 2023). Defendants cite no authority for the relevance of the financial burden to Schafer/Holmes, and in any event such an argument is met by the financial burden their conduct imposed on non-parties Jensen and Evans. [DE 165 at 3-4, 6; DE 166 at 12.] Defendants merely invite reexamination of the award of fees without any demonstration that Judge Martin's determination of "reasonable expenses" should be modified or set aside under the applicable standards of Rule 72(a).

Defendants' contention that "the detail of itemized attorney time has not been produced" [DE 164 at 20] is flatly inaccurate. Stratford submitted detailed itemized invoices, as well as affidavits from each billing attorney, in support of its itemization of fees. [DE 147 Exh. 1-6 and DE 148 Exh. 1-6.] Attorneys Jensen and Evans also presented detailed itemization of their relevant hours and billing associated with their motions to quash. [DE 145, 146.]

In conclusion, I am not persuaded that Judge Martin's challenged decisions were clearly erroneous or contrary to law. Defendants have employed a scattershot strategy of blasting the court with numerous and repetitive arguments. All have been considered, and any arguments not expressly addressed in this opinion have been

16

found to be without merit. The Motion to Vacate, construed as objections to Judge Martin's orders under Fed.R.Civ.P. 72(a), will be denied.

There is one final issue to address. In its response to the Motion to Vacate, Stratford invokes 28 U.S.C. §1927 and spends several pages discussing its standards for imposing on an opposing attorney the "costs, expenses, and attorneys' fees reasonably incurred" because of that attorney's unreasonable and vexatious multiplication of legal proceedings. [DE 167 at 15-17.] Stratford complains about the expense of responding to a frivolous Motion to Vacate, but never squarely requests that movants be saddled with additional attorneys' fees based on the filing of their appeal under Rule 72(a). [*Id.* at 15.]

The discussion includes repeated references to "Defendants" but "[l]iability under §1927 is direct, not vicarious" and is restricted to a particular lawyer whose behavior warrants the sanction. *FM Industries, Inc. v. Citicorp Credit Services, Inc.*, 614 F.3d 335, 340 (7th Cir. 2010). Shorewood has one counsel of record. That same attorney and two others are counsel of record for Schafer/Holmes. Stratford does not identify any particular lawyer responsible for the behavior complained of.

Another problem with Stratford's reliance on §1927 is that Stratford fails to address whether such sanctions are appropriately awarded based on a single motion, as opposed to the entire course of a case. What is before me is the Motion to Vacate certain of Judge Martin's orders. I am not persuaded that a single motion, even if it represents a pointless repetition of previous arguments and other motions not before me, could be

17

a proper basis for sanctions under §1927.  Perhaps it could, but Stratford has not addressed the question.  For these several reasons, to the extent Stratford's discussion of §1927 constitutes a request for the imposition of additional expenses and fees under that authority, I decline the invitation.

ACCORDINGLY:

Greg Schafer and Carlotta Holmes' Motion to Enforce a Pending Court Discovery Order [DE 172] is DENIED.

Stratford Insurance Company's Objection [DE 171] is OVERRULED.

Greg Schafer, Carlotta Holmes, and Shorewood Forest Utilities, Inc.'s Motion to Vacate Magistrate's Order for Sanctions [DE 164] is DENIED.

SO ORDERED.

ENTERED: February 23, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT